[926 NYS2d 618]

In the Matter of WILMER HILL GRIER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND, ELEVENTH, AND THIRTEENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, June 28, 2011

APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Melissa D. Broder* of counsel), for petitioner.

*Wilmer Hill Grier*, Brooklyn, respondent pro se.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts (hereinafter the Grievance Committee) served the respondent with a petition dated March 9, 2010. Following a hearing, the Special Referee sustained all three charges of professional misconduct. The Grievance Committee now moves to confirm the report of the Special Referee and for the imposition of such discipline as the Court deems just and appropriate. The respondent has cross-moved, in effect, to disaffirm and strike the Special Referee's report. She contends that she was denied a fair hearing on the ground that the Special Referee failed to object to, and erred in admitting into evidence, her prior disciplinary history, which consisted of a 1990 disbarment by the Appellate Division, First Department (*see Matter of Grier*, 156 AD2d 46 [1990]). She requests a new hearing or, in the alternative, a dismissal of the matter.

Charge one alleges that the respondent misappropriated funds entrusted to her as a fiduciary, in violation of Code of Professional Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4]). The respondent maintained an attorney escrow account at Chase Bank, entitled "Wilmer Hill Grier Escrow Account." On or about December 18, 2007, the respondent deposited $73,000 into the account on behalf of her client, Neportia Waldon. That deposit represented the down payment on property sold by Waldon. Prior to closing, and without authorization, the respondent issued three checks to Waldon, in the amounts of $20,000, $30,000, and $17,895, and two checks to herself in the amounts of $500 and $2,500. By March 7, 2008, prior to the closing, the balance in the escrow account fell to $13,188.63.

Charge two alleges that the respondent commingled fiduciary funds with personal funds, in violation of Code of Professional

Responsibility DR 9-102 (a) and DR 1-102 (a) (4) (22 NYCRR 1200.46 [a]; 1200.3 [a] [4]). On or about December 5, 2007, the respondent deposited a $10,000 personal loan from Dorothy Fernandez into her attorney escrow account. On or about April 8, 2008, the respondent deposited an $8,000 personal loan from Lenora Nelson into her escrow account. In March and April 2007, the respondent drafted two checks for her mortgage payment and for a bracelet, which cleared against her escrow account.

Charge three alleges that the respondent failed to maintain required bookkeeping records for her attorney escrow account, in violation of Code of Professional Responsibility DR 9-102 (d) (22 NYCRR 1200.46 [d]). From approximately January 2007 through December 8, 2008, the respondent failed to maintain a record for her attorney escrow account recording the date, source, amount, and description of each item deposited, as well as the date, payee, and purpose for each withdrawal.

Based on the uncontroverted evidence, the Special Referee properly sustained all three charges. There is no merit to the respondent's argument that the Referee erred in admitting into evidence her prior disciplinary history, as her prior disciplinary history is a relevant factor for this Court's consideration. Accordingly, the motion to confirm is granted and the respondent's cross motion to disaffirm is denied.

In mitigation, while admitting that she committed mistakes, the respondent testified that she was under great stress at the time due to her housing situation. She underscored the fact that no client was harmed and no client had complained.

Notwithstanding the fact that the respondent cooperated with the investigation and did not act with venality, and that no client suffered any financial detriment, it is evident that the respondent failed to grasp her obligations under the disciplinary rules.

Under the totality of circumstances, we conclude that a suspension from the practice of law for a period of five years is warranted.

PRUDENTI, P.J., RIVERA, SKELOS, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion to disaffirm is denied; and it is further,

Ordered that the respondent, Wilmer Hill Grier, is suspended from the practice of law for five years, commencing July 28,

2011, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than January 28, 2016. In such application, the respondent shall furnish satisfactory proof that (1) during the said period, she refrained from practicing or attempting to practice law, (2) she has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) she has complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) she has otherwise properly conducted herself; and it is further,

Ordered that the respondent, Wilmer Hill Grier, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Wilmer Hill Grier, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Wilmer Hill Grier, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).